## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

In re:  
CASA COLONIAL LTD. PARTNERSHIP  
    Debtor.  
_____/

Case No. 03-31410  
Chapter 7  
Hon. Walter Shapero

VISURON LTD. PARTNERSHIP and  
CASA MIPROEAST LTD. PARTNERSHIP,  
    Plaintiffs/Counter-Defendants,

Adv. Proc. No. 03-3104

v.

COLLENE K. CORCORAN, TRUSTEE,  
    Defendant/Counter-Plaintiff,

and

DAVID R. SHOOK and COLLENE K. CORCORAN, Individually,  
    Defendants,

and

COLLENE K. CORCORAN, TRUSTEE,  
    Third-Party Plaintiff/ Third-Party Counter-Defendant,

v.

TERESA MITAN,  
    Third-Party Defendant,

and

KEITH MITAN,  
    Third-Party Defendant/Third-Party Counter-Plaintiff,

v.

DAVID R. SHOOK and COLLENE K. CORCORAN, Individually  
    Third-Party Counter-Defendants.

## OPINION GRANTING THIRD-PARTY COUNTER-DEFENDANTS' MOTION TO DISMISS & DEFENDANT AND THIRD-PARTY COUNTER-DEFENDANT DAVID R. SHOOK'S RENEWED MOTION FOR JUDGMENT ON THE PLEADINGS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT

These matters came before the court on "Third-Party Counter-Defendants Collene Corcoran Individually and as Trustee's Motion to Dismiss, Motion for Judgment on the Pleadings and/or Motion for Summary Disposition of Third-Party Counter-Complaint" and on "Defendant and Third-Party Counter-Defendant David R. Shook's Renewed Motion for Judgment on the Pleadings or, Alternatively, for Summary Judgment." For the reasons stated in this opinion, the Court grants both motions.

### I. Facts

The underlying lawsuit, filed June 17, 2003, is an action by Visuron and Casa Miproeast Limited Partnership ("Visuron") against the Chapter 7 case trustee, Collene Corcoran, in her capacity as trustee, as well as against David Shook, the Trustee's attorney, and Collene Corcoran in their individual capacities. The most salient (to an understanding of what is here before the Court) count in the underlying Third Amended Complaint against them, is Count IV alleging tortious interference with contractual relationships. Defendant Collene Corcoran as Trustee and as a third-party plaintiff has filed a third-party complaint against Teresa Mitan and Keith Mitan (who have some relationship with Visuron). Keith Mitan ("Mitan"), Third-Party Counter-Plaintiff, then filed a complaint against Collene Corcoran (both individually and as trustee) and

2

David Shook (collectively "Defendants") for defamation.[1] Corcoran, acting in both roles, filed a motion seeking dismissal or summary judgment based on failure to state a claim grounds on September 14, 2004. Shook filed a motion for summary judgment, also on failure to state a claim grounds, on both the Mitan Third-Party Counter-Complaint and Count IV of the underlying Third Amended Complaint filed by Visuron. Shook's motion was filed August 10, 2004, and was renewed, post-hearing, on April 22, 2005.

The Court first held a hearing on March 3, 2005 on these motions. The Court granted both plaintiffs the opportunity to amend their complaints to properly state the claims before the court on these motions, and told the plaintiffs exactly what to include in the amended complaints. The plaintiffs both filed amended complaints on March 21, 2005. On April 15, 2005, Corcoran filed a request for further hearings on her motion.

The First Amended Third-Party Counter-Complaint contained the following assertions, supporting a claim of defamation:

> 6. That between June 5, 2003 and August 20, 2003, the Trustee and Shook contacted [third parties].
>
> 7. That during such contacts, the Trustee and Shook implied that Mitan was practicing law in an unethical manner, and omitted material facts including that Mitan has never received any discipline from the Attorney Grievance Commission even though Mitan has been licensed to practice law in Michigan for more than twenty years.
>
> 8. That the implication was false, because Mitan was not practicing law in an unethical manner.

---

1. The First Amended Third-Party Counter Complaint does not specifically state any cause of action; however, it appears that it is alleging defamation. Defamation encompasses both libel and slander, and it is impossible to determine which Plaintiff Mitan asserts. It is not imperative that the Court know which type of defamation is being claimed here, however, since Plaintiff Mitan fails to state a claim for either cause of action.

3

05-03104-dof   Doc 5   Filed 08/16/05   Entered 08/24/05 12:25:13   Page 3 of 9

The Third Amended Complaint contained the following assertions to support a claim of tortious interference with a contractual relationship:

> 23. That the Trustee and Shook had knowledge of Visuron's contractual relationships with [specific third parties].
>
> 24. That between June 5, 2003 and August 20, 2003, the Trustee and Shook contacted [these specific third parties] without Visuron's authorization, and intentionally interfered with Visuron's contractual relationships with [the third parties] by telling [them] to breach their contracts with Visuron.

## II. Analysis

Motions for judgment on the pleadings are governed by FED. R. BANKR. P. 7012(b), incorporating FED. R. CIV. P. 12(b) and FED. R. BANKR. P. 7056, incorporating FED. R. CIV. P. 56, which provide:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted . . . . If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

FED. R. CIV. P. 12(b).

> A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.
>
> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . .

4

. . . .

> When a motion for summary judgment is made and supported as provided in this rule, *an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.*

FED. R. CIV. P. 56 (emphasis added).

In commenting on these rules a court has stated:

> A Rule 12(b)(6) motion tests whether a cognizable claim has been pleaded in the complaint. Rule 8(a) sets forth the basic federal pleading requirement that a pleading "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The familiar standard for reviewing dismissals under Rule 12(b)(6) is that "the factual allegations in the complaint must be regarded as true. The claim should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983) (citing *Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.*, 382 U.S. 172, 86 S. Ct. 347, 15 L. Ed. 2d 247 (1965), and *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)), *cert. denied*, 469 U.S. 826, 105 S. Ct. 105, 83 L. Ed. 2d 50 (1984).
>
> Although this standard for Rule 12(b)(6) dismissals is quite liberal, more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements. 5 C. Wright & A. Miller, Federal Practice & Procedure §1357 at 596 (1969). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984) (quoting *In re Plywood Antitrust Litigation*, 655 F.2d 627, 641 (5th Cir. 1981), *cert. dismissed*, 462 U.S. 1125, 103 S. Ct. 3100, 77 L. Ed. 2d 1358 (1983)), *cert. denied*, 470 U.S. 1054, 105 S. Ct. 1758, 84 L. Ed. 2d 821 (1985); *see also Sutliff, Inc. v. Donovan Cos.*, 727 F.2d 648, 654 (7th Cir. 1984); 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216 at 121-23 (1969). As the First Circuit stated, "we are not holding the pleader to an impossibly high standard; we recognize the policies behind rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. ***But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.*** *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.

5

3 (1st Cir. 1976) (*cert. denied,* 431 U.S. 914, 97 S. Ct. 2173, 53 L. Ed. 2d 223 (1977)).

*Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)(emphasis added); *see also Russell v. Tennessee Dep't. of Correction*, 99 Fed. Appx. 575, 577 (6th Cir. 2004)("The court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions. Moreover, the court is not required to either guess the nature of or create a litigant's claim." (citations omitted)).

A. Defamation

As to the defamation count:

The elements of a cause of action for defamation are (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged publication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by the publication (defamation per quod).

*Nastase v. Guido*, No. 254245, 2005 WL 1279985 (Mich. App. May 31, 2005)(citing *American Transmission, Inc. v. Channel 7 of Detroit, Inc.*, 609 N.W.2d 607 (Mich. App. 2000)).

Even given the stated liberal federal pleading requirements, Mitan has failed to state a claim upon which relief can be granted. Mitan's amended complaint, while being slightly more specific than previous versions, still fails to contain facts sufficient to determine what was allegedly said, or to whom. A defendant needs this information to be able to defend against a claim of defamation, and a court needs this information to determine whether the claim is actionable. These very basic facts, "if they existed, would clearly dominate the case," *Scheid*, 859 F.2d at 437, and therefore, as the *Scheid* court noted, it is fair for this Court to assume that

6

these facts do not exist.

Mitan was told at a prior hearing on this matter exactly what needed to be included in his amended complaint, yet failed to include the required information – information which, had he conducted his own research, would have mirrored what he was told.

B. Tortious Interference with a Business Relationship

As to the Tortious Interference count:

> The elements of tortious interference with a business relationship are the existence of a valid business relationship or expectancy, knowledge of the relationship or expectancy on the part of the defendant, an intentional interference by the defendant inducing or causing a breach or termination of the relationship or expectancy, and resultant damage to the plaintiff. To establish that a lawful act was done with malice and without justification, the plaintiff must demonstrate, *with specificity*, affirmative acts by the defendant that corroborate the improper motive of the interference. Where the defendant's actions were motivated by legitimate business reasons, its actions would not constitute improper motive or interference.

*Mino v. Clio School Dist.*, 661 N.W.2d 586 (Mich. App. 2003)(citing *BPS Clinical Laboratories v. Blue Cross & Blue Shield of Michigan*, 552 N.W.2d 919 (Mich. App. 1996))(emphasis added)).

As noted above, the *Russell* court held that "[t]he court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions. Moreover, the court is not required to either guess the nature of or create a litigant's claim." *Russell*, 99 Fed. Appx. at 577. As with the defamation claim, Visuron merely makes legal conclusions not supported by facts. Visuron asserts only that there were contractual relationships between it and other parties, and that Defendants induced these other parties to breach their contracts. There is no assertion of specifically what was said, or to whom, or on what date, where the conversation took place, or in

7

what manner the third parties were told to breach the contract. Visuron has amended its complaint several times, and has had several opportunities to properly state its claim, yet has repeatedly failed to do so. Again, these basic facts, "if they existed, would clearly dominate the case," *Scheid*, 859 F.2d at 437, and should therefore be assumed not to exist.

Here, too, the plaintiff was told at the hearing on this matter exactly what needed to be included in the amended complaint, yet failed to include the required information.

### III. Conclusion

There is, to be sure, a dynamic tension between the rather liberal federal notice pleading rules which essentially permit general allegations to survive dismissal and leave the fleshing out process to later discovery, and the very real need to require a sufficient level of specificity to ferret out the existence of a true cause of action before a litigant is put to time consuming and possibly needless discovery expense in order to do so. In this case, the Court went to particular and unusual lengths to affirmatively advise the alleging parties in just what respects they had to amend in order to survive the motions to dismiss, and then gave them time to amend, rather than just granting the dismissal motion. When, as a result of such a process, the amended pleading is still not up to snuff, the benefits of the liberal notice pleading rules can no longer be availed of. Accordingly, the Court grants the two motions, and dismisses the Third-Party Counter-Complaint and Count IV of the Third Amended Complaint with prejudice.

8

The Court is contemporaneously entering its order to this effect.

Walter Shapero
U.S. Bankruptcy Judge

Entered _____

cc: Collene K. Corcoran, Trustee
803 W. Big Beaver Rd., Suite 203B
Troy, MI 48084

Keith Mitan
6689 Orchard Lake Road
West Bloomfield, MI 48322

Edward Stein
Smith, Haughey, Rice & Roegge
320 N. Main St., Ste. 101
Ann Arbor, MI 48104

Melvin Schwartz
500 W. Court St.
Flint, MI 48503

Thomas Budzynski
43777 N. Groesbeck Hwy.
Clinton Township, MI 48036